# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5143**                    **September Term, 2025**

**1:24-cv-03577-UNA**

**Filed On:** September 19, 2025

Darrell Prince,

     Appellant

    v.

United States of America,

     Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Walker, Childs, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and supplement thereto filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion for appointment of counsel, the motion for a temporary restraining order and extraordinary writ, and the motion to retain jurisdiction, it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for a temporary restraining order and extraordinary writ and the motion to retain jurisdiction be denied. Appellant has not demonstrated any entitlement to the requested relief. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order entered February 26, 2025, be affirmed on the ground that appellant's complaint fails to identify any injury that is personal to appellant and thus fails to allege facts sufficient to establish an injury in fact for purposes of Article III standing. See Chambers v. Burwell, 824 F.3d 141, 143 (D.C. Cir. 2016) (stating that this court "may affirm the district court on any ground supported by the record"); Lujan v. Defs. of Wildlife, 504 U.S. 555, 573-74 (1992) ("[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the

Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."); Hall v. D.C. Bd. of Elections, 141 F.4th 200, 205-06 (D.C. Cir. 2025) (observing that "voting-related harms are cognizable only for voters who are directly affected," and that to have standing for a voting-related injury, a plaintiff must "allege facts showing disadvantage to themselves as individuals" and must "ground[] [the] claim in his or her specific circumstances" (citations omitted)).  Contrary to appellant's argument that a three-judge court was required under 28 U.S.C. § 2284, "[a] three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts."  Gonzalez v. Automatic Emps. Credit Union, 419 U.S. 90, 100 (1974).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**